UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ARSHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>QUALITY CONTROL MUSIC PUBLISHING, LLC; HYBE AMERICA, INC., QUAVIOUS KEYATE MARSHALL, and JOHN DOES 1-5,<br><br>*Defendant*. | Civil Action No. 25-cv-2668<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Daniel Arsham ("Plaintiff" or "Mr. Arsham"), by his attorneys, Jayaram PLLC, as and for his Complaint against Defendants Quality Control Music Publishing, LLC ("QCM"), HYBE America Inc. ("HYBE"), and Quavious Keyate Marshall (collectively, "Defendants"), states as follows:

### NATURE OF THE ACTION

1. This is a copyright infringement and right of publicity case brought by artist Daniel Arsham against Defendants who used his artwork without consent in a music video by the hip-hop artist Quavious Keyate Marshall a/k/a Quavo ("Quavo").

2. Mr. Arsham is a New York based visual artist. He exhibits his work in galleries, fairs, and museums around the world. He is one of the most well-known contemporary artists in the world. He is the creator and copyright owner of many works of visual art, including the sculpture titled *Quartz Eroded 1961 Ferrari GT* (2018) (the "Artwork").

3.      Defendants have unlawfully exploited the Artwork and Mr. Arsham's name. Without his consent, and without his knowledge, Defendants created a video which prominently featured the Artwork (the "Infringing Video") to promote the music of Quavo.

4.      In addition, the Defendants, also without authorization, posted the Infringing Video on various social media accounts and tagged Mr. Arsham to capitalize on his good name and reputation for their own financial gain.

5.      Below, left, is the Artwork. Below, right, is a still image from the Infringing Video.



| The Artwork | The Infringing Video |
| --- | --- |

6.      Mr. Arsham seeks damages and injunctive relief for direct, contributory and vicarious copyright infringement, arising from (i) unlawful use of a copy of his Artwork in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"); and (ii) use of Arsham's name in violation of New York Civil Rights Law § 50 and § 51.

**PARTIES, JURSIDICTION AND VENUE**

7.      Mr. Arsham is a resident of New York, New York.

8.      Upon information and belief, Defendant Quality Control Music Publishing, LLC is a limited liability corporation formed under the laws of Delaware with a principal place of business at 541 Tenth Street NW, Suite 365, Atlanta, GA, 30318, and which has both continuous and systematic contacts with the State of New York. QCM is Quavo's music label.

9. Upon information and belief, Defendant HYBE America Inc. is a corporation formed under the laws of California with a principal place of business at 2110 Colorado Ave., Suite 200, Santa Monica, CA 90404, and which has both continuous and systematic contacts with the State of New York. HYBE is the parent company of QCM.

10. Upon information and belief, Defendant Quavious Keyate Marshall is an individual residing in Atlanta, Georgia, and who has both continuous and systemic contacts with the State of New York.

11. Upon information and belief, Defendants John Does are one or more individuals or entities who participated in, facilitated, encouraged, and/or had supervisory authority over, the infringement set forth herein and are therefore wholly or partially liable therefor.

12. This Court has subject matter jurisdiction over Counts I, II and III pursuant to 17 U.S.C. § 501 (copyright infringement), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

13. Count III, which alleges a violation of the right of publicity, arises out of substantially the same facts as Counts I and II, and therefore this Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants because each Defendant regularly transacts or solicits business in New York, has committed a tortious act in New York, or has committed a tortious act that has caused damage to the Plaintiff in this state.

15. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(a)-(b).

## FACTUAL BACKGROUND

**The Artwork**

16. Mr. Arsham is a contemporary artist based in New York.

17. Mr. Arsham and his work have been featured heavily in the media, including by the New York Times, The Guardian, Le Monde, Financial Times, and many, many others.

18. Mr. Arsham's work has been shown at PS1 in New York, The Museum of Contemporary Art in Miami, The Athens Bienniale in Greece, The New Museum in New York, Mills College Art Museum in Oakland, California, and the Carré d'Art in Nîmes, France, among many others.

19. Some of Mr. Arsham's work—including the Artwork—sell for many hundreds of thousands of dollars.

20. Mr. Arsham also has a robust licensing market. He has licensed his fine art and design objects to several individuals and entities, collaborating with many iconic brands, including Tiffany & Co., Rimowa, and a litany of hip-hop artists, including Pharrell, Usher, Jay-Z, Gunna, The Weeknd, Nas, and others.

21. Mr. Arsham created the Artwork in 2018. The Artwork is part of a collection of full-size vehicle sculptures that he has created in his signature "eroded" fictional archeological technique. Below are images of the Artwork from two different angles.



22. The Artwork was first exhibited publicly as part of the exhibition "3018" at Perrotin Gallery in New York in September 2018.

4

23. From February to November 2023, the Artwork was also exhibited at the Petersen Automotive Museum in Los Angeles, California.

24. Under the Copyright Act, 17 U.S.C. § 201(a), Mr. Arsham holds and owns the copyrights in the Artwork. The Artwork is an original work of authorship, fixed in a tangible medium of expression, containing substantial amounts of the Mr. Arsham's original creativity.

25. As the copyright holder, Mr. Arsham has the exclusive right under 17 U.S.C. § 106 to reproduce, make derivative works of, publicly distribute, and publicly display the Works.

26. Additionally, the Artwork has been registered with the U.S. Copyright Office, under Reg. No. VA 2-437-445. *See* Exhibit A hereto.

## The Infringing Video and Posts

27. On December 16, 2024, QCM artist Quavo, through his Instagram profile, posted the Infringing Video with the caption "Back To The Basics 2025!!" (the "Infringing Reel"). Below is an image of the Infringing Reel.



28. The Infringing Video features Quavo performing in front of the Artwork. The Infringing Video is 45 seconds long and features the Artwork prominently throughout.

29. On the same day, Quavo, through his TikTok profile, posted the Infringing Video with the same caption "Back To The Basics 2025!!" (the "Infringing TikTok"). The Infringing TikTok is available at https://www.tiktok.com/@quavohuncho/video/7449136792584097070. Below is a still image of the Infringing TikTok.



30. The next day, Quavo, through his Instagram profile, posted a series of five images that are stills of the Infringing Video or appear to have been photographed contemporaneously therewith (the "Infringing Post"). The images in the Infringing Post feature Quavo posing in front of the Work with the caption "No the engine is not in the front n the back I jus carbon the finder!" In the Infringing Post, Quavo tagged Mr. Arsham's Instagram handle, @danielarsham. Below are images of the Infringing Post.



31. The Infringing Video, Infringing Reel, Infringing TikTok, and Infringing Post (together, the "Infringing Content") elicited overwhelming public notice and comment, including several thousands of "likes" and comments. The Infringing Content has also been shared extensively on social media.

7

32. The Infringing Content promotes Quavo, his music, QCM, and HYBE.

33. John Does 1-5 are entities or individual principals, employees, and/or consultants of QCM, and/or other corporate Defendants who were responsible for the production, direction, design, and/or distribution of the Infringing Content, including without limitation the procurement of source material, and/or have received a direct or indirect financial benefit from the same.

34. On information and belief, QCM had actual or constructive knowledge of the infringing activities complained of herein, participated materially in said activities, had the right and ability to control said activities, and stood to realize, have realized and continue to realize, a direct and indirect financial benefit therefrom.

35. The Infringing Content indisputably features the Artwork on its face, and in part evidenced by the fact that Infringing Post tagged Mr. Arsham.

36. Mr. Arsham never consented to the Artwork being used in the Infringing Content.

37. Mr. Arsham never consented to his name being used in connection with the Infringing Post or any promotion of Quavo, his music, QCM, or HYBE.

38. Upon information and belief, Defendants identical copying and exploitation of the Artwork was willful, and in disregard of, and with indifference to, the rights of Mr. Arsham. On further information and belief, Defendants' intentional, infringing conduct was undertaken to reap the aesthetic benefit and value associated with the Artwork. By failing to obtain Mr. Arsham's authorization to use the Artwork or to compensate Mr. Arsham for the use, Defendants have avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Artwork, as well as the restrictions that Mr. Arsham is entitled to and would place on any such exploitation as conditions for Mr. Arsham's permission, including the right to deny permission.

39. Mr. Arsham was alerted to the misuse of the Artwork on or about December 16, 2024.

40. Shortly thereafter on or about December 20, 2024, Mr. Arsham, through his counsel, sent a cease and desist to Defendant QCM objecting to the unauthorized reproduction, publication, distribution, and public display of his Artwork. Mr. Arsham's counsel sent a follow up letter on or about January 7, 2025.

41. Mr. Arsham's counsel sent a similar cease and desist letter to HYBE on or about January 7, 2025.

42. Defendants have neglected to engage in meaningful discussions with Mr. Arsham and persist in publicly posting and distributing the Infringing Content.

43. As a result of Defendants' actions, Mr. Arsham has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, and public display of the Artwork. Defendants' actions have significantly damaged the value of the Artwork, all of Mr. Arsham's other works, and the value of any licenses for his artworks in the relevant markets.

44. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Mr. Arsham for which he has no adequate remedy at law.

## CLAIMS FOR RELIEF

### COUNT I – Copyright Infringement
*Against Defendants*

45. Mr. Arsham repeats and realleges the allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. As a work of visual art, the Artwork is copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Mr. Arsham is the

exclusive owner of rights under copyright in and to the Artwork. Mr. Arsham owns a valid copyright registration for the Artwork.

47. The acts of Defendants constitute infringement of the Mr. Arsham's copyright and exclusive rights under copyright in the Artwork in violation of the Copyright Act, 17 U.S.C. § 106.

48. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Mr. Arsham's rights.

49. As a direct and proximate result of Defendants' foregoing acts, Mr. Arsham is entitled to actual damages and disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

50. Unless and until Defendants' ongoing conduct with respect to the Infringing Content is enjoined by this Court, such conduct will continue to cause irreparable injury to Mr. Arsham's legacy and the integrity of the Artwork that cannot fully be compensated for or measured in money, and Mr. Arsham is accordingly also entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting further infringement of his exclusive rights under copyright.

## COUNT II – Vicarious Copyright Infringement
*Against Defendants*

51. Arsham repeats and realleges the allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

52. As a work of visual art, the Artwork is copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Mr. Arsham is the exclusive owner of rights under copyright in and to the Artwork. Mr. Arsham owns a valid copyright registration for the Artwork.

53.     Defendants had the right and ability to supervise or control the use of the Artwork in the Infringing Content but failed to exercise such control.

54.     Defendants derived a direct financial benefit from the Infringing Content, including increased revenue and enhanced publicity.

55.     Rather than taking steps to prevent the infringement, Defendants knowingly allowed it to continue and reaped the benefits of the unauthorized use.

56.     The acts of Defendants constitute vicarious infringements of the Artwork's copyright and exclusive rights under copyright in the Artwork in violation of the Copyright Act, 17 U.S.C. § 106.

57.     Upon information and belief, the foregoing acts of vicarious infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Mr. Arsham's rights.

58.     As a direct and proximate result of Defendants' foregoing acts, Mr. Arsham is entitled to actual damages and disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

59.     Unless and until Defendants' ongoing conduct with respect to the Infringing Content is enjoined by this Court, such conduct will continue to cause irreparable injury to Mr. Arsham's legacy and the integrity of the Artwork that cannot fully be compensated for or measured in money, and Mr. Arsham is accordingly also entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting further infringement of his exclusive rights under copyright.

### COUNT III – Contributory Copyright Infringement
*Against Defendants*

60.     Arsham repeats and incorporates by reference the allegations contained in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

61. As a work of visual art, the Artwork is copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Mr. Arsham is the exclusive owner of rights under copyright in and to the Artwork. Mr. Arsham owns a valid copyright registration for the Artwork.

62. Defendants knowingly induced, caused, or materially contributed to the creation and distribution of the Infringing Content.

63. Defendants had actual or constructive knowledge of the infringement and failed to take reasonable steps to prevent it.

64. The acts of the Defendants constitute contributory infringements of Mr. Arsham's copyright and exclusive rights under copyright in the Original Works in violation of the Copyright Act, 17 U.S.C. § 106.

65. Upon information and belief, the foregoing acts of contributory infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Mr. Arsham's rights.

66. As a direct and proximate result of Defendants' foregoing acts, Mr. Arsham is entitled to actual damages and disgorgement of the Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

67. Unless and until Defendants' ongoing conduct with respect to the Infringing Content is enjoined by this Court, such conduct will continue to cause irreparable injury to Mr. Arsham's legacy and the integrity of the Artwork that cannot fully be compensated for or measured in money, and Mr. Arsham is accordingly also entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting further infringement of his exclusive rights under copyright.

**COUNT IV – Violation of Right of Publicity Under New York Civil Rights Law §§ 50-51**
*Against Defendants*

68. Arsham repeats and incorporates by reference the allegations contained in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

69. Arsham is an acclaimed visual artist whose name is well known domestically and internationally.

70. Defendants are using Mr. Arsham's name for commercial advantage and for purposes of trade within New York and globally without Mr. Arsham's consent or authorization.

71. As a direct result of Defendants' knowing violation, Mr. Arsham's goodwill and reputation associated with his name have already been injured and continue to be injured.

72. Pursuant to New York Civil Rights Law § 50 and § 51, Mr. Arsham requests this Court enjoin Defendants from further using Mr. Arsham's name for commercial advantage. Mr. Arsham further requests damages in an amount to be determined at trial.

**WHEREFORE**, Mr. Arsham prays for judgment as follows:

A. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendants' creation of an unauthorized copy of the Artwork, unauthorized duplication, public display, distribution infringes Mr. Arsham's copyright in the Artwork, in violation of 17 U.S.C. § 501;

B. Granting a permanent injunction prohibiting Defendants from (i) further infringement of Mr. Arsham's copyright, including further airing of, or making available to the public, the Infringing Content, and further production or transfer of the Infringing Content or any infringing images of the Artwork, including but not limited to promotional materials; and (ii) further use of Mr. Arsham's name for commercial advantage;

C. Awarding Mr. Arsham the actual damages he has suffered in connection with

damage to Mr. Arsham's reputation and the market for Mr. Arsham's works, including the Artwork, and the profits directly and indirectly attributable to the Defendants arising from the foregoing acts of copyright infringement;

D. Awarding Mr. Arsham compensatory damages and any profits directly and indirectly attributable to the Defendants arising from the foregoing violations of Mr. Arsham's right of publicity;

E. Awarding Mr. Arsham enhanced damages and costs;

F. Awarding pre-judgment interest as allowed by law; and

G. Awarding such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff, Daniel Arsham, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 31, 2025

Respectfully submitted,

JAYARAM PLLC

By: <u>Vivek Jayaram</u>

Vivek Jayaram
Jayaram Law PLLC
54 W. 21st Street, Suite 801
New York, NY 10010
Phone: 646-596-1322
vivek@jayaramlaw.com

*Counsel for Plaintiff Daniel Arsham*