**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIEL ARSHAM,

                      Plaintiff,

    – against –

QUALITY CONTROL MUSIC PUBLISHING,
LLC; HYBE AMERICA, INC., QUAVIOUS
KEYATE MARSHALL, and JOHN DOES 1-5,

                   Defendants.

Case No. 25-cv-02668

**DEFENDANT'S MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

                                                                                          Page

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT ALLEGATIONS OF THE F.A.C. ................................................................... 3

PROCEDURAL HISTORY.................................................................................................... 4

ARGUMENT .......................................................................................................................... 5

I.    STANDARD OF REVIEW ......................................................................................... 5

      A.    THE RULE 12(b)(6) PLEADING STANDARD ...................................................... 5

      B.    THE STANDARDS FOR SECONDARY LIABILITY ........................................ 6

            1.    A DEFENDANT CANNOT BE DIRECTLY AND
                  SECONDARILY LIABLE FOR THE SAME INFRINGEMENT ........... 6

            2.    THE SUPREME COURT'S NEW TEST FOR CONTRIBUTORY
                  COPYRIGHT INFRINGEMENT................................................................. 6

            3.    THE TEST FOR VICARIOUS COPYRIGHT INFRINGEMENT............ 7

II.   THE COMPLAINT'S CLAIMS AGAINST DEFENDANT FOR SECONDARY
      LIABILITY FAIL BECAUSE THE COMPLAINT ALSO ALLEGES DIRECT
      LIABILITY FOR THE SAME ALLEGED INFRIGNEMENT....................................... 7

III.  THE F.A.C.'S CLAIMS FOR SECONDARY LIABILITY ALSO FAIL BECAUSE
      IT FAILS TO PROVIDE ADQUATE NOTICE OF THE ALLEGED PRIMARY
      INFRINGEMENT BY THE JOHN DOE DEFENDANTS.............................................. 8

IV.   THE F.A.C. OTHERWISE FAILS TO PLEAD A VALID CLAIM FOR
      CONTRIBUTORY COPYRIGHT INFRINGEMENT ....................................................... 9

V.    THE F.A.C. OTHERWISE FAILS TO PLEAD A VALID CLAIM FOR
      VICAROUS COPYRIGHT INFRINGEMENT .................................................................. 10

VI.   PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND ......................................... 11

CONCLUSION....................................................................................................................... 12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmed v. Uber Techs., Inc.,*
No. 25-CV-24834, 2026 WL 1127460 (S.D. Fla. Apr. 27, 2026) .......................................9, 10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)......................................................................................................2, 5, 6, 10

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
493 F.3d 87 (2d Cir. 2007)......................................................................................................5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)........................................................................................................2, 5, 6

*Cox Commc'ns, Inc. v. Sony Music Ent.,*
146 S. Ct. 959 (2026) .......................................................................................................6, 7, 9

*EMI Christian Music Grp., Inc. v. MP3tunes, LLC,*
844 F.3d 79 (2d Cir. 2016).......................................................................................................6

*Faulkner v. National Geographic Enterprises Inc.,*
409 F.3d 26 (2d Cir. 2005).......................................................................................................6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
499 U.S. 340, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991)..........................................................6

*Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.,*
443 F.2d 1159 (2d Cir. 1971)..............................................................................................6, 7, 9

*Heller v. Bedford Cent. Sch. Dist.,*
144 F. Supp. 3d 596 (S.D.N.Y. 2015), *aff'd*, 665 F. App'x 49 (2d Cir. 2016)..........................5

*Lixenberg v. Complex Media, Inc.,*
No. 22-CV-354 (RA), 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023) ..................................10, 11

*United States ex rel. Hussain v. CDM Smith, Inc.,*
No. 14-CV-9107 (JPO), 2018 WL 11217206 (S.D.N.Y. Jan. 31, 2018) ..................................11

*Matthew Bender & Co., Inc. v. West Pub. Co.,*
158 F.3d 693 (2d Cir. 1998)......................................................................................................6

*McGucken v. Newsweek LLC,*
464 F. Supp. 3d 594 (S.D.N.Y. 2020)..............................................................................2, 7, 11

**Page(s)**

*Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.,*
No. 12 CIV. 2837 KBF, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012), *aff'd,*
530 F. App'x 19 (2d Cir. 2013) ...................................................................................8

*Smith v. Weeknd,*
No. CV 19-2507 PA (MRWX), 2019 WL 6998666 (C.D. Cal. Aug. 23, 2019) .......................7

*Sound & Color, LLC v. Smith,*
No. 2:22-CV-01508-AB (ASX), 2023 WL 2821881 (C.D. Cal. Feb. 28, 2023)...................1, 7

*State St. Glob. Advisors Tr. Co. v. Visbal,*
431 F. Supp. 3d 322 (S.D.N.Y. 2020).............................................................................8

*Stephens v. Sullivan & Cromwell LLP,*
No. 15 CIV. 1251 LGS, 2015 WL 1608427 (S.D.N.Y. Apr. 9, 2015) .................................2, 9

**Statutes**

N.Y. Civ. Rights Law §§ 50-51 .....................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8..................................................................................................2, 8, 9

iii

Defendant Quavious Keyate Marshall, professionally known as Quavo ("Defendant" or "Quavo") respectfully submits this Memorandum of Law in support of his Motion to Dismiss the First Amended Complaint (the "F.A.C.") of Plaintiff Daniel Arsham ("Plaintiff' or "Arsham").

**PRELIMINARY STATEMENT**

In this action, Plaintiff asserts a host of claims against Defendant, which are premised upon his allegation that Quavo purportedly infringed Plaintiff's copyright in a sculpture by posting a video and certain photos on social media in which the sculpture appeared.  (In an abundance of caution, and without any concession of liability, the video and photos have been taken down due to Plaintiff's claim.)  Plaintiff concedes that the sculpture is based upon the design of a 1961 Ferrari, but he (wrongly) alleges that some elements of the sculpture constitute protectable expression.

Ultimately, Defendant will establish that Plaintiff's claims lack a factual basis on multiple grounds.  One such ground is the absence of substantial similarity of protectible expression between the video and the photos, on the one hand, and the sculpture, on the other. Another ground is that the video and photos were authorized by Plaintiff's legal agent.

At this time, however, Plaintiff seeks to clarify and narrow this dispute by moving to dismiss two claims against Quavo which fail as a matter of law: contributory copyright infringement and vicarious copyright infringement.  In each of these claims, Plaintiff seeks to hold Quavo secondarily liable for the alleged direct infringement of the sculpture by five "John Does."  These claims fail for numerous reasons.

First, a defendant cannot be directly liable and secondarily liable for the same alleged infringement. *Sound & Color, LLC v. Smith*, No. 2:22-CV-01508-AB (ASX), 2023 WL 2821881, at *16 (C.D. Cal. Feb. 28, 2023) ("a defendant cannot be secondarily liable for their

own direct infringement").  Thus, if Plaintiff wishes to proceed with his claim for direct infringement, his two claims for secondary liability must fail.

Second, Plaintiff fails to plead sufficient allegations regarding the identities of the John Does and their purported acts of direct infringement to provide Quavo with adequate notice under Fed. R. Civ. P. 8 of his alleged secondary liability for those acts.  The F.A.C. describes the John Does and their alleged acts of infringement in conclusory and inadequate terms.  This is not surprising, because Plaintiff's John Doe allegations are entirely speculative.  *Stephens v. Sullivan & Cromwell LLP*, No. 15 CIV. 1251 LGS, 2015 WL 1608427, at *4 (S.D.N.Y. Apr. 9, 2015) ("Plaintiff's allegations against Doe Defendants 1–50 are so vague that . . . claims against them should be dismissed for . . . failing to meet basic pleading requirements . . . .").

Third, the F.A.C.'s other allegations of secondary liability are barebones recitations of the elements of Plaintiff's claims, and they lack any non-conclusory factual support.  Under the contemporary pleading standards enunciated in *Iqbal* and *Twombly*, they are insufficient to state a claim.  As a court within this District held, in granting a motion to dismiss the claims in a complaint for contributory and vicarious copyright infringement:

> Defendant is correct that the Amended Complaint fails to allege any facts that would support a claim of either contributory or vicarious liability.  Indeed, apart from alleging that unidentified defendants "contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein" . . . there are no facts supporting the existence of any third parties, as both theories clearly require.  All of Plaintiff's allegations regarding his claims for contributory and vicarious infringement are no more than "threadbare recitals of the elements of a cause of action," . . . and therefore fail to meet the pleading standards required by *Iqbal* and *Twombly*.

*McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 610 (S.D.N.Y. 2020) (citation omitted).  The same analysis applies here, and it demonstrates that this Motion to Dismiss should be granted.

2

**RELEVANT ALLEGATIONS OF THE F.A.C.**

Quavo is a songwriter, performer, and musical recording artist. According to the F.A.C., Arsham is a visual artist who created and owns the copyright in a sculpture called *Quartz Eroded 1961 Ferrari GT* (2018), which the F.A.C. refers to as the "Artwork." F.A.C. ¶ 2. The F.A.C. further alleges that Quavo purportedly committed copyright infringement of the Artwork when he "caused a video to be published" on social media that "features the Artwork . . . ." *See, e.g.*, F.A.C. ¶¶ 49-51. The F.A.C. (wrongly) refers to the video as the "Infringing Video." *Id.* It further alleges that Quavo thereafter "posted a series of five images that are stills of the Infringing Video or appear to have been photographed contemporaneously therewith" and that purportedly infringe the copyright in the Artwork. F.A.C. ¶ 64. The F.A.C. (wrongly) refers to these materials collectively as the "Infringing Content." F.A.C. ¶ 75.

In addition to Quavo, the F.A.C. names "John Does 1-5" as defendants. The F.A.C. contains exceedingly vague allegations regarding the identities of John Does 1-5 that fail to provide Quavo with adequate notice of their identities. Instead, Paragraph 78 of the F.A.C. alleges in sweeping and conclusory fashion: "Upon information and belief, John Does 1–5 include individuals and entities involved in the filming, direction, production, editing, publication, and distribution of the Infringing Content, including videographers, camera operators, directors, editors, and social media or digital content personnel."

The F.A.C.'s allegations regarding the acts of direct infringement purportedly committed by the John Does are similarly vague, conclusory, and extremely broad in scope. The five John Does are alleged to have been "responsible for capturing audiovisual recordings of the Artwork, selecting camera angles and shots in which the Artwork is prominently displayed, and incorporating those recordings into the final Infringing Video"; to have "further participated in preparing, uploading, publishing, and disseminating the Infringing Video and related content to

3

social media platforms, including Instagram and TikTok"; and to have "created and distributed unauthorized copies of the Artwork in audiovisual form." *See* F.A.C. ¶¶ 79-81. The F.A.C. contains four claims. Count I asserts a claim against Quavo and the John Does for direct copyright infringement of the Artwork. Count II asserts a claim against Quavo for vicarious copyright infringement of the Artwork, in connection with the John Does's alleged direct infringement thereof. Count III asserts a claim against Quavo for contributory copyright infringement of the Artwork, again in connection with the John Does's alleged direct infringement thereof. Count IV asserts a claim against Quavo under N.Y. Civ. Rights Law §§ 50-51 arising from Quavo's alleged "tagging" of Plaintiff's social media account in connection with the posting of the allegedly infringing content on social media.

Quavo maintains that all four counts in the F.A.C. are without merit. At this time, Quavo moves to dismiss Counts II and III as a matter of law pursuant to Rule 12(b)(6).

### PROCEDURAL HISTORY

Plaintiff commenced this action on or about March 31, 2025, by filing a Complaint against HYBE America Inc., Quavo, and Quality Control Music Publishing, LLC. ECF No. 1. Thereafter, Plaintiff dismissed the Complaint as against HYBE America Inc. and Quality Control Music Publishing, LLC. ECF No. 25.

On July 17, 2025, Quavo filed a pre-motion letter, describing his anticipated motion to dismiss the original Complaint. ECF No. 29. Plaintiff opposed the filing of such a motion. ECF No. 31. On August 12, 2025, the Court held a conference, and it then referred the parties to conduct settlement negotiations before Magistrate Judge Parker. ECF No. 35. On March 31, 2026, Quavo filed a letter motion with the Court, renewing his request to file a motion to dismiss. ECF No. 46. Again, Plaintiff opposed the request. ECF No. 49.

On April 8, 2026, the Court held a pre-motion conference, and then it issued a minute order which included the following schedule: "Plaintiff was granted leave to file an amended complaint by Friday, April 10, 2026. Defendant's answer or motion is due May 1, 2026. If Defendant moves, Plaintiff's opposition is due May 22, 2026, and the reply is May 29, 2026."

On April 10, 2026, Plaintiff filed the F.A.C.[1] Defendant now respectfully submits this Motion to Dismiss pursuant to the Court's schedule.

## ARGUMENT

### I. STANDARD OF REVIEW

#### A. THE RULE 12(b)(6) PLEADING STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In adjudicating a Rule 12(b)(6) motion, "the Court accepts as true all well-pled factual allegations, but does not credit 'mere conclusory statements' or '[t]hreadbare recitals of the elements of a cause of action.'" *Heller v. Bedford Cent. Sch. Dist.,* 144 F. Supp. 3d 596, 612 (S.D.N.Y. 2015), *aff'd*, 665 F. App'x 49 (2d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, a

---

[1] Although the F.A.C. contains a different caption than the original caption set forth in the initial Complaint, the Court has not issued an order directing the Clerk of Court to amend the caption. Therefore, the papers filed by Quavo in support of this Motion to Dismiss contain the original caption.

complaint may not rely on "'naked assertion[s]' devoid of 'further factual enhancement.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

### B.    THE STANDARDS FOR SECONDARY LIABILITY

#### 1.    A DEFENDANT CANNOT BE DIRECTLY AND SECONDARILY LIABLE FOR THE SAME INFRINGEMENT

To state a claim for *direct* copyright infringement, a complaint must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991). For a defendant to be *secondarily* liable for copyright infringement, *someone other than that defendant* must have directly infringed the copyrighted work at issue. *See, e.g., Faulkner v. National Geographic Enterprises Inc.,* 409 F.3d 26, 40 (2d Cir. 2005); *Matthew Bender & Co.. Inc., v. West Pub. Co.,* 158 F.3d 693, 706 (2d Cir. 1998).

#### 2.    THE SUPREME COURT'S NEW TEST FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

On March 25, 2026, the Supreme Court issued a decision which dramatically narrows the scope of conduct that may give rise to liability for contributory copyright infringement. In *Cox Commc'ns, Inc. v. Sony Music Ent.,* 146 S. Ct. 959, 967 (2026), the Supreme Court held: "The provider of a service is contributorily liable for the user's infringement *only* if it intended that the provided service be used for infringement. The intent required for contributory liability can be shown *only* if [1] the party induced the infringement or [2] the provided service is tailored to that infringement." (emphasis added) (citations omitted). In so holding, the Supreme Court abrogated the far broader test for contributory liability that previously was applied in the Second Circuit, and which was known as the "*Gershwin* test." Under the now-defunct *Gershwin* test, a contributory copyright infringer had been "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *EMI Christian*

6

*Music Grp., Inc. v. MP3tunes, LLC,* 844 F.3d 79, 99–100 (2d Cir. 2016) (citing *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1162 (2d Cir. 1971)).  Commentators recognize that *Cox* abrogated the *Gershwin* test.[2]

### 3.   THE TEST FOR VICARIOUS COPYRIGHT INFRINGEMENT

A valid "claim of vicarious [copyright] infringement requires a plaintiff to allege 'that a defendant has declined to exercise the right and ability to supervise or control the infringing activity [by a third party] and enjoys a direct financial benefit from the infringing activity.'" *McGucken*, 464 F. Supp. 3dat 610) (citation omitted).

## II.   THE COMPLAINT'S CLAIMS AGAINST DEFENDANT FOR SECONDARY LIABILITY FAIL BECAUSE THE COMPLAINT ALSO ALLEGES DIRECT LIABILITY FOR THE SAME ALLEGED INFRIGNEMENT

As discussed *supra*, a defendant cannot be directly and secondarily liable for the same alleged infringement of a copyright.  However, this is exactly what the F.A.C. attempts to do, because it asserts three separate claims against Defendant for direct liability, contributory liability, and vicarious liability for the same alleged infringement.  If Plaintiff wishes to proceed on his claim against Defendant for direct copyright infringement, then his two claims for secondary copyright infringement must be dismissed.  *Sound & Color, LLC*, 2023 WL 2821881, at \*16 ("a defendant cannot be secondarily liable for their own direct infringement"); *Smith v. Weeknd,* No. CV 19-2507 PA (MRWX), 2019 WL 6998666, at \*3 (C.D. Cal. Aug. 23, 2019) ("Contrary to Plaintiffs' contention, a defendant cannot be secondarily liable for that defendant's

---

[2] *See* Armen Nercessian and Josuah M. Dalton, "SCOTUS Contributory Copyright Liability for Internet Service Providers," https://www.morganlewis.com/pubs/2026/04/scotus-limits-contributory-copyright-liability-for-internet-service-providers; Aaron Moss, "Supreme Court Draws a Hard Line on Contributory Infringement in Cox v. Sony Music," https://www.copyrightlately.com/supreme-court-contributory-infringement-cox-v-sony-music/.

own direct infringement."); *see also State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 338 (S.D.N.Y. 2020).

### III. THE F.A.C.'S CLAIMS FOR SECONDARY LIABILITY ALSO FAIL BECAUSE IT FAILS TO PROVIDE ADQUATE NOTICE OF THE ALLEGED PRIMARY INFRINGEMENT BY THE JOHN DOE DEFENDANTS

The F.A.C.'s claims for contributory and vicarious liability also fail because the F.A.C. does not provide Quavo with adequate notice under Fed. R. Civ. P. 8 of the identity of the purported direct infringers (*i.e.* John Does 1-5), or what their acts of direct infringement were. Instead, the F.A.C. contains a blunderbuss, "catch-all" description of John Does 1-5[3] and a similarly vague and capacious description of their alleged direct infringements.[4]

"Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.,* No. 12 CIV. 2837 KBF, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) (citation omitted), *aff'd*, 530 F. App'x 19 (2d Cir. 2013).  Here, the F.A.C. provides no such basis to distinguish between the Doe Defendants.  "A plaintiff cannot merely 'lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct," *id.,* as the F.A.C. attempts to do here.

---

[3] *See* F.A.C. ¶ 78 ("Upon information and belief, John Does 1–5 include individuals and entities involved in the filming, direction, production, editing, publication, and distribution of the Infringing Content, including videographers, camera operators, directors, editors, and social media or digital content personnel.").

[4] *See* F.A.C. ¶ 79 ("Upon information and belief, these individuals were responsible for capturing audiovisual recordings of the Artwork, selecting camera angles and shots in which the Artwork is prominently displayed, and incorporating those recordings into the final Infringing Video."); *id.,* ¶ 80 ("Upon information and belief, John Does 1–5 further participated in preparing, uploading, publishing, and disseminating the Infringing Video and related content to social media platforms, including Instagram and TikTok."); *id.,* ¶ 81 ("Upon information and belief, in connection with such publication and dissemination, John Does 1–5 created and distributed unauthorized copies of the Artwork in audiovisual form.").

The decision in *Stephens*, 2015 WL 1608427, is instructive.  In *Stephens*, the complaint alleged that each Doe defendant "is in some manner responsible for the events and occurrences herein . . . ." *Id.* at *4.  The court dismissed the claims against the Doe defendants on grounds including that "Plaintiff's allegations against Doe Defendants 1–50 are so vague that . . . claims against them should be dismissed for . . . failing to meet basic pleading requirements . . . ." *Id.* The same analysis applies here.  The allegations regarding John Does 1-5 are so vague and overinclusive that the F.A.C. fails to provide Quavo with the notice required by Rule 8 regarding the alleged direct infringement for which Plaintiff seeks to hold him secondarily liable, let alone who committed the alleged direct infringement.

## IV.    THE F.A.C. OTHERWISE FAILS TO PLEAD A VALID CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

In addition to the pleading defects discussed *supra*, the F.A.C. is otherwise devoid of factual allegations supporting a claim for contributory copyright infringement.  Instead of pleading facts*,* the F.A.C. merely parrots the elements of the abrogated *Gershwin* standard for contributory liability.  F.A.C. ¶ 138 ("Notwithstanding such knowledge [of Plaintiff's alleged copyright], Quavo induced, caused, and materially contributed to the infringing conduct of John Does 1–5.  Quavo participated in the filming of the Infringing Content, approved the inclusion and depiction of the Artwork, and directed or otherwise caused John Does 1–5 to capture, incorporate, publish, and disseminate footage of the Artwork.").

Unsurprisingly, the F.A.C. also fails to allege facts, as opposed to legal conclusions, that would satisfy the applicable *Cox* standard – *i.e.* that Quavo "either 'affirmatively induced the infringement' or 'sold a service tailored to infringement.'" *Ahmed v. Uber Techs., Inc.*, No. 25-CV-24834, 2026 WL 1127460, at *8 (S.D. Fla. Apr. 27, 2026) (citing *Cox Commc'ns*, 146 S. Ct. at 964 (cleaned up and citations omitted).

Nowhere in the F.A.C. are there any facts alleged establishing that Quavo "sold a service tailored to infringement."  Nor does the F.A.C. properly allege that Quavo "affirmatively induced the [purported] infringement."  This is because the F.A.C. does "not allege any manner in which Defendant 'induced' or 'encouraged' merchants, customers, or other third parties to infringe."  *Ahmed*, 2026 WL 1127460, at *8 (S.D. Fla. Apr. 27, 2026) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. at 926, 930 (2005)).  In other words, Plaintiff has "not alleged 'evidence of express promotion, marketing, and intent to promote' infringement."  *Id*.  Thus, the claim for contributory copyright infringement should be dismissed.

## V.      THE F.A.C. OTHERWISE FAILS TO PLEAD A VALID CLAIM FOR VICAROUS COPYRIGHT INFRINGEMENT

The F.A.C. also fails to state a claim for vicarious copyright infringement because it is devoid of non-conclusory facts that, if true, would establish such a claim.  Instead, the F.A.C. merely, and improperly, recites the elements of a vicarious infringement claim.  *See* F.A.C. ¶ 122 ("Upon information and belief, Quavo had the right and ability to supervise and control the infringing conduct of John Does 1–5, including the filming, depiction, inclusion, and prominence of the Artwork in the Infringing Content, as well as the publication and dissemination of that content.").

The court held in <u>Lixenberg</u> that similarly conclusory allegations of vicarious liability were utterly inadequate:

> As to vicarious infringement, Plaintiff alleges—in similarly conclusory fashion—that Defendants "had the right and ability to supervise the infringing conduct" and that "they had a direct financial interest in the infringing conduct." . . . These allegations are no more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which cannot sustain a claim on a motion to dismiss. *Iqbal*, 556 U.S. at 663;

10

*Lixenberg v. Complex Media, Inc.,* No. 22-CV-354 (RA), 2023 WL 144663, at *3 (S.D.N.Y. Jan. 10, 2023), abrogated on other grounds by *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144 (2d Cir. 2024). Here too, the F.A.C.'s allegations are no more than threadbare recitals of the elements of vicarious liability, supported by nothing more than conclusory statements. Its claim for vicarious copyright infringement should be dismissed.

## VI.    PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND

Plaintiff should be denied leave to amend the F.A.C.'s claims for contributory and vicarious inducement, because any amendment would be futile. *United States ex rel. Hussain v. CDM Smith, Inc.,* No. 14-CV-9107 (JPO), 2018 WL 11217206, at *1 (S.D.N.Y. Jan. 31, 2018) (collecting authority holding that leave to amend should be denied where amendment would be futile). As discussed above, a defendant may not be held liable for direct and secondary liability for the same alleged infringement. Thus, to the extent that Plaintiff intends to proceed with his claim against Quavo for direct copyright infringement, then his secondary infringement claims must fail in all events. Moreover, the vague and conclusory nature of the F.A.C.'s allegations regarding John Does 1-5 makes clear that Plaintiff could never adequately allege any requisite act of direct infringement by them to support a claim of secondary liability against Quavo. Finally, Plaintiff has long been on notice of the inadequacies of his allegations. On July 17, 2025, Quavo filed a pre-motion letter (ECF No. 29) that first placed Plaintiff on notice of these inadequacies. Thereafter, Plaintiff filed his F.A.C., which still fails to cure his pleading defects. Denial of leave to amend is also warranted for this reason. *McGucken*, 464 F. Supp. 3d at 610–11 (denying leave to amend when "[t]he Court has already given Plaintiff the opportunity to amend his complaint, with no noticeable change to the specificity of his allegations, and Plaintiff has offered no indication as to how he would correct the deficiencies in his claims for contributory and vicarious infringement.").

11

**CONCLUSION**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant respectfully requests that the Court dismiss with prejudice the claims in the F.A.C. for contributory and vicarious copyright infringement.

Respectfully submitted,

By: /s/ Jeffrey M. Movit
Jeffrey M. Movit
jmovit@cohengresser.com
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, NY  10022
Phone:  (212) 957-7600
Fax:  (212) 957-4514

*Attorneys for Defendant Quavious Keyate Marshall, professionally known as Quavo*

12

## WORD COUNT CERTIFICATION

I hereby certify that, according to the word count of the word-processing program used in its preparation, Defendant's Memorandum of Law, including its footnotes but excluding the caption, tables, and signature block, contains 3,524 words.

Dated:  May 1, 2026
New York, New York

**COHEN & GRESSER LLP**

/s/ Jeffrey M. Movit
Jeffrey M. Movit

800 Third Avenue
New York, NY  10022
Phone:  (212) 957-7600
Fax:  (212) 957-4514
jmovit@cohengresser.com

*Attorney for Defendant QUAVIOUS*
*KEYATE MARSHALL, p/k/a QUAVO*

13